```
                              FILED
     IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF ALABAMA   00 JUN 27 PM 3: 14
               SOUTHERN DIVISION
                                             U.S. DISTRICT COURT
                                              N.D. OF ALABAMA
WILLIE HALE, JR.,              )
                               )
     Plaintiff,                )   CIVIL ACTION NO.
                               )
v.                             )   99-AR-3206-S
                               )
MEREDITH ENVIRONMENTAL, INC.,  )                   ENTERED
a corporation, et al.,         )
                               )                   JUN 27 2000
     Defendants.               )

*****************************
                               )
LENORRIS FREEMAN,              )   CIVIL ACTION NO.
                               )
     Plaintiff,                )   99-AR-3207-S
                               )
v.                             )
                               )
MEREDITH ENVIRONMENTAL, INC.,  )
a corporation, et al.,         )
                               )
     Defendants.               )
```

### MEMORANDUM OPINION

Both Willie Hale, Jr. and Lenorris Freeman, the plaintiffs in the above two consolidated cases, now seek attorneys' fees. On May 16, 2000, this court said:

> The attorneys fee question will be addressed if and when plaintiffs file a timely claim for them with the required supporting documentation.

Defendants not only oppose plaintiffs' motion, but themselves seek an award of attorneys' fees. The court did not invite any such post-judgment motion by defendants. Neither motion will be granted.

The attorneys' fee question is an integral part of the merits

1

of any case brought under the Fair Labor Standards Act. *Shelton v. Ervin*, 830 F.2d 182 (11th Cir. 1987). It is for this reason that this court did not tax costs when it decided all of the other issues on May 16, 2000.

Although 29 U.S.C. § 216(b), provides for the award of reasonable attorneys' fees in all FLSA cases in which the plaintiff prevails, that law does not prevent the trial court from considering the totality of circumstances in determining what constitutes a reasonable fee in a particular case. In this case there are several circumstances that militate against plaintiffs' requested fee of $6,064.91, and in favor of a nominal fee. The motion being considered begins as follows:

> COMES [sic] NOW, [sic] the Attorneys for the plaintiff, and moves [sic] this Honorable Court to award attorneys fees in the above styled action...

The motion concludes as follows:

> WHEREFORE, premises considered, Attorneys for the Plaintiff move this Honorable Court to award attorneys' fees in the above styled action as set out above.

The motion bears the facsimile signatures of three attorneys. It could be ignored for that reason alone. The motion is symptomatic of the quality of the performance of plaintiffs' counsel. Prevailing **parties** file motions for an award of attorneys' fees under fee-shifting statues, and not the **attorneys** who represent them. The court will try to overlook these shortcomings of plaintiffs' lawyers.

As the court explained in its memorandum opinion granting in part and denying in part plaintiffs' motion for summary judgment,

the filing of these actions, in practical effect, only postponed plaintiffs' receipt of the wages to which they were admittedly entitled under the FLSA. This hardly allows plaintiffs to call themselves "prevailing parties." They could have picked up their pay checks long before the court ordered them. It is even clearer that plaintiffs have not "prevailed" on their claims for liquidated damages, which were dismissed.

The primary purpose for an award of attorneys' fees to a prevailing party is to recognize the attorney who has achieved vindication for his client. In this case the comedy of errors upon which the curtain has finally come down does not amount to the vindication of anybody. Neither does it speak highly of the qualify of the representation of plaintiffs.

A claim by three lawyers, each working at a suggested rate of $100 per hour, against a defendant that tried to pay plaintiffs what they are owed, is unreasonable on its face. But this court is obligated not to find what is "unreasonable" but what is "reasonable." It would take this court an inordinate amount of time to analyze and to critique the single affidavit submitted in support of plaintiffs' attorneys' fee petition. The burden is on plaintiffs to prove their entitlement to attorneys' fees and the appropriate amount. There is no proof here that the suggested lawyer-hourly rates are reasonable, considering the experience of counsel and the going rates in the community. There is no proof of what arrangement plaintiffs had with their attorneys, unless the invoices attached to the affidavit are meant to show that

3

plaintiffs agreed to pay their attorneys at certain hourly rates upon being billed, without regard to the outcome of the case. For aught appearing, counsel have been paid by their clients the amounts of these invoices. Furthermore, there is no basis upon which to deduce what amount of lawyer-time was spent unsuccessfully seeking liquidated damages, in contrast to the time spent on the "lay down" claim for overtime wages.

Although defendants should, early on, have made offers of judgment pursuant to Rule 68, F.R.Civ.P., and thus obviated any exposure to attorneys' fees, this court deems what the Fifth Circuit said in *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 227 (5th Cir. 1991), to be the functional equivalent of Rule 68. There, the Fifth Circuit held that if an FLSA plaintiff recovers any sum, however slight, in excess of what the employer has offered in settlement, plaintiff is entitled to an attorneys' fee. The necessary implication from *Coahoma* is that if a plaintiff recovers **not one dime more than he was offered in settlement**, he is not "prevailing" for the purposes of § 216(b).

All things considered, this court reaches the conclusion that a nominal fee for plaintiffs' counsel is a reasonable fee in this case.

Defendants' motion for an attorneys' fee is without merit. It is considered by the court to be an offensive, defensive ploy. It will be denied.

4

DONE this 27th day of June, 2000.

　　　　　　　　　　　　　　　／s／ William M. Acker
　　　　　　　　　　　　　　　WILLIAM M. ACKER, JR.
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE